UNITED STATES, Appellee,

v.

Specialist Five Earl C. SUTTON, SSN 587–24–7446, United States Army, Appellant.

CM 443120.

U.S. Army Court of Military Review.

9 Dec. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, Major Robert C. Rhodes, JAGC, Major Lawrence F. Klar, JAGC, and Captain Edmund S. Bloom, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, Captain John L. Plotkin, JAGC, and Captain Robert C. Er-ickson, Jr., JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, appellant was convicted of attempting to rape his eleven-year-old niece, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880. His approved sentence provides for a dishonorable discharge, confinement at hard labor for five years, and reduction to Private E–1.

The only issue warranting comment is whether the military judge erred by admitting into evidence, over defense objection, appellant's grease-stained undershorts. Appellant contended, as he does now, that military criminal investigators seized his undershorts pursuant to a search of his person without proper authorization. Rejecting this contention, the military judge ruled that the evidence was admissible because its seizure was conducted under exigent circumstances and to prevent its destruction. Although we find the military judge's ruling to be correct, we do so for a different reason. We find that appellant consented to the seizure of his undershorts.

On the afternoon of 31 December 1981, appellant's niece, Natina C., was babysitting at his on-post quarters when appellant arrived home from work, induced her to enter the laundry room, and attempted to have intercourse with her. When his initial attempt was frustrated because of the relative size of his penis, appellant applied a greasy substance to it in order to facilitate penetration.[1]

Natina reported the incident to her parents who informed the military police. They apprehended appellant and placed him in a detention cell at 0100 hours on 1 January 1982. At 0320 hours, he was advised of his rights pursuant to Article 31, Uniform

---

1. Natina testified that partial penetration had occurred. However, other evidence contradict-ed her testimony and the court members found that penetration had not taken place.

Code of Military Justice, 10 U.S.C. § 831, and elected to remain silent. At 0400 hours, appellant was taken by Special Agent Cape to the post hospital where, upon Cape's request, he expressly agreed to permit a hospital attendant to take samples of his hair, scrapings of his fingernails, and his undershorts. A forensic chemist analyzed the undershorts and Natina's panties and found the residue of a petroleum-based substance present in the crotch area of both items. The chemist's testimony corroborated Natina's allegation against appellant and led to appellant's conviction.

In ruling on the defense's suppression motion, the military judge stated:

> [T]he court finds, especially, that the nature of that evidence [the grease-stained undershorts] was such that Agent Cape would risk its removal, destruction, or concealment if [he] took the additional time to obtain a warrant or authorization. The court makes that finding in spite of the fact that the accused was in custody since ... he could get access to a bathroom or a drinking fountain or even was left alone for a period of time. For those reasons, the court is going to follow Rule 315g(1) and finds that this was a lawful seizure, even if there wasn't a warrant because of the exigencies of that situation.

█ We hold that the military judge's finding that there was a lawful exigency search is unsupported by the evidence. Military Rule of Evidence 315(g)(1) provides that a valid exigency search requires a reasonable belief on the part of the criminal investigator that "the delay necessary to obtain a search warrant or search authorization would result in the removal, destruction, or concealment of the property or evidence sought." We fail to see how this could have occurred in the instant case. The evidence of record establishes that appellant had been in custody in a detention cell for more than three hours before he

was transported to the hospital for examination. This was ample time for Special Agent Cape to either obtain a search authorization from proper authority or to act upon his ostensible belief that an exigent situation existed. That he did neither indicates he did not consider the loss of the evidence to be imminent. We recognize that Special Agent Cape testified he did not seize the undershorts earlier because "it's normal procedure to have a hospital attendant seize the items." Nevertheless, had a true exigency existed, we believe an exception would have been made to preserve the evidence.

█ Despite the foregoing, we also find that there is clear and convincing evidence which establishes that appellant voluntarily consented to the seizure of his undershorts. Military Rule of Evidence 314(e).[2] *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Justice,* 13 U.S.C.M.A. 31, 32 C.M.R. 31 (1962); *United States v. Barden,* 9 M.J. 621, 624 (A.C.M.R.1980). In making this finding, we are cognizant that appellant was in custody and, arguably, was merely acquiescing to police authority. However, the "fact of custody alone has never been enough in itself to demonstrate a coerced ... consent...." *United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 828, 46 L.Ed.2d 598 (1976). Moreover, the following facts support our conclusion. First, the record is devoid of evidence of police coercion. *United States v. George,* 9 M.J. 607 (A.C.M.R.1980). Second, appellant, a thirty-six-year-old specialist five with thirteen years of service, exercised his right not to make a statement after having been properly warned, "indicating that he had some comprehension of his legal rights and some willingness to assert them under the circumstances prevailing." *United States v. Middleton,* 10 M.J. 123, 133 (C.M.A.1981). Third, the sei-

2. Even though consent was not offered as a ground for the admission of the undershorts, " '[i]n the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.' " *United States v. Leiffer,* 13 M.J. 337, 345 n. 10 (C.M.A.1982), *quoting Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 157–158, 82 L.Ed. 224 (1937).

696

zure occurred in the relatively non-coercive atmosphere of a hospital. *See United States v. Wallace,* 11 M.J. 445 (C.M.A.1981). Accordingly, the undershorts were properly admitted into evidence.

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge YAWN concur.